

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 26, 2020

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

## MEMO ENDORSED

Re:   <u>**United States v. John Larson**</u>
      **05 Cr. 888 (LAK)**

Dear Judge Kaplan:

The United States respectfully submits this letter in response to the letter from counsel for defendant John Larson, dated February 5, 2020. ECF #1573 (the "Larson Letter"). In that letter, Larson seeks (1) amendment of his criminal judgment to reflect the proper amount of the criminal fine imposed by this Court, as dictated by the Second Circuit's August 27, 2010 opinion, which reduced the maximum fine that could be imposed from $6 million to $3 million, *see United States v. Pfaff*, <u>619 F.3d 172, 174-75</u> (2010); and (2) an order directing that the $3 million being held by the Clerk of the Court be returned to Mr. Larson. For the reasons set forth below, we agree with Larson that the judgment should be amended to reflect a $3 million fine. But we do not agree that the funds should be returned to Larson. Instead, based on an Internal Revenue Service ("IRS") levy filed with the SDNY clerk in 2011, predicated on multi-million dollar civil assessments, the Court should direct that the $3 million be sent to the IRS rather than Larson. As noted below, Larson now agrees that the money should be sent to the IRS. Accordingly, we request that the Court direct the SDNY Clerk to disburse the funds to the IRS, as specified below. The undersigned has been informed that the IRS will apply those funds to Larson's personal (that is, Form 1040) liabilities.

**Background**

The background to the determination of the proper fine amount is set forth in the Larson Letter and will not be repeated at length. Suffice it to say that, pursuant to the Second Circuit's opinion in *Pfaff*, the maximum fine that could be imposed on Larson was $3 million. Based on

that ruling, the parties agree that an amended judgment should be entered by the Court in the amount of the statutory maximum, which is $3 million. *See* Larson letter at 2.

As a result of Larson's promotion of certain fraudulent tax shelters and his personal use of one or more of those shelters between 1998 and 2001, the IRS pursued two separate civil examinations of Larson. The first was an examination of Larson's personal liabilities, which was commenced in or about 2002 but paused because of the criminal investigation and subsequent prosecution of Larson and others. Following the Second Circuit's ruling in *Pfaff* in 2010 (and the resulting specter of the return to Larson of the $3 million he was determined to have overpaid), the IRS issued notices of jeopardy assessments and jeopardy levy, copies of which were served on the SDNY Court Clerk on or about February 8, 2011. The assessments, for over $20 million, were based on Larson's personal liabilities for the tax years 1998-2001. The levy was served on the Clerk to prevent the return of the $ 3 million then being held by the Clerk, with respect to Larson's criminal fine. According to information provided to the Government earlier this month, the SDNY Clerk is still in possession of the $3 million.

Larson's challenges to the IRS's jeopardy assessment and levy were rejected, by both the IRS and the United States District Court for the Northern District of California. *See Larson v. United States*, 11 CV 3093 (WHA) (N.D. Cal., July 11, 2011), ECF # 32, at 6. (finding jeopardy assessment and levy "reasonable,' and that no abatement was required). Larson subsequently commenced challenges to the IRS's personal assessments in Tax Court, where the matter is currently in a post-trial briefing phase.

The second examination of Larson, commenced in or about March 2011 and based on Larson's "promotion" of, and failure to register with the IRS, certain tax shelters, resulted in Larson being notified in December 2011 that the IRS intended to assess him personally in excess of $67,000,000, pursuant to 26 U.S.C. § 6707. Larson's challenges to the promoter determinations made by the IRS were rejected by the IRS and the Second Circuit. *See Larson v. United States*, 888 F.3d 578, 581 (2018) (holding that Larson was required to pay full amount of assessed penalties before filing refund action; dismissal of refund suit affirmed based on failure to pay).

In sum, there are existing assessments against Larson with respect to his personal liabilities (which are still being challenged) and his promoter liabilities (which are final). According to information provided to the undersigned by Larson's Tax Court counsel, in no event would Larson's personal liabilities ultimately be determined in the Tax Court litigation to be less than $3 million. The Government concurs with that assessment. Thus, the parties agree that no outcome of the Tax Court litigation will result in a personal income tax liability for Larson of less than $3 million.

**Discussion**

Based on the existence of the assessments, Larson agrees that the $3 million being held by the SDNY Clerk should be sent to the IRS. We therefore respectfully request that Your Honor direct the SDNY Court Clerk to disburse the $3 million to the IRS, pursuant to the 2011 levy and the underlying assessments for Larson's 1040 liabilities.

The IRS has requested that the funds be transmitted as follows:

Certified funds, payable to "Department of Treasury," and sent to: Internal Revenue Service (Attention: R. Perez), One Lefrak City Plaza 4th Floor, Corona New York 11368.

**Conclusion**

Larson's judgment should be amended to reflect a $3 million fine. In addition, the Court should direct that the $3 million balance of funds being held by the SDNY Court Clerk be disbursed to the Internal Revenue Service, as noted above.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

/s/
Stanley J. Okula, Jr.
Special Assistant U.S. Attorney
Tel. No.: (202) 514-2839

cc:     Reed Hollender, Esq.
        Nelson Mullins

        All Counsel via ECF.

The Clerk shall disburse the $3 million referred to above to the Internal Revenue Service as set forth above.

SO ORDERED

U.S.D.J.

8/21/2020